## SARAH BOYARSKY
*vs.*
## JAMES A. SHEA

Superior Court     New Haven County     File No. 57104

MEMORANDUM FILED JANUARY 2, 1940.

*Nathan G. Sachs,* of New Haven, for the Plaintiff.

*Francis J. Moran,* of New Haven, for the Defendant.

FOSTER, J.   West Main Street in Stafford Springs runs generally east and west and is thirty-three feet four inches wide. On January 25, 1939, about 7:30 p.m. the defendant parked his automobile on the north side of the highway obliquely with the line of the street, that is to say, the automobile when parked headed about northwest.   When parked the right front wheel of the automobile was five feet six inches from the curb and the right rear wheel was seven feet four inches from the curb.   The defendant extinguished all lights on his automobile and went to a store on the south side of the street.   There was little light at the place where the automobile was parked.   A state policeman described the place as a "dark spot."   The plaintiff at that time and place was a passenger in an automobile being driven by her daughter in a westerly direction at a speed of fifteen to twenty miles per hour.   The plaintiff's daughter saw ahead of her what she at first thought was a moving automobile without rear lights and diminished her speed.   When she was near enough to the parked automobile to observe that it was stationary, she endeavored to stop but collided with the parked automobile.   Her vision was somewhat obscured by the headlights of an automobile at that instant approaching from the west.   She could not turn to the left without meeting the

automobile approaching from the west; she could not turn right because there was not sufficient room between the parked automobile and the curb; when she applied her brakes she skidded into the standing automobile by reason of snow and ice on the highway. The defendant himself testifies: "I evidently did not park properly, but I thought I did. I was in a hurry. I left the lights off."

I find that the defendant was guilty of negligence that was a proximate cause of the plaintiff's injuries. Having made this finding, I do not have to consider the guilt or innocence of negligence of the driver of the automobile in which the plaintiff was a passenger. It is conceded that the plaintiff was guilty of no contributory negligence.

Plaintiff suffered a slight laceration of the forehead, contusions of the mouth and both lips and ecchymosis, sprain of the left ankle with contusion, a bilateral sacro-iliac sprain, loss of one plate of artificial teeth and the practical destruction of a second plate of artificial teeth. She was confined to her bed for three weeks and could not follow her usual work of caring for her home and assisting her husband in a store until June 1st. She was obliged to hire extra help for her work at home. Her doctor's bill for 58 visits and treatment was $232 and she paid a second doctor's bill of $10. The renewal of dental plates will cost $160. Plaintiff claims loss of wages. This I do not allow since it is not sufficiently corroborated. That she suffered much pain there can be no question.

Judgment is rendered that the plaintiff recover from the defendant damages of $3,500.